LOBRANO, Judge.
This action arose as a result of an accident which occurred on November 7, 1977 at Rosy’s Restaurant and Nightclub which is owned and operated by defendant, Gammon Enterprises, Inc. Plaintiff, Virginia Chauvin Wood, was attending a performance by Irma Thomas and had been seated by an employee of Rosy’s against a door on the Tchoupitoulas Street side of the club. During the course of the performance the door opened, causing plaintiff to fall out of the nightclub onto the sidewalk. As a result of the fall the plaintiff sustained a fractured left elbow and a tear in the bra-chealis muscle, eventually requiring surgery.
After a three day jury trial, a verdict was returned in favor of the plaintiff, Ms. Virginia Chauvin Wood, in the amount of $12,-500.00, and in favor of her husband, who had intervened to recover medical expenses, in the amount of $5,800.00. Ms. Wood has appealed seeking an increase in the award. Her husband, Robert Wood, does not appeal the award made in his behalf. Defendant-appellee answered the appeal alleging that the jury erred in finding negligence on the part of Gammon Enterprises, Inc. and in failing to find that plaintiff was contributo-rily negligent and/or assumed the risk of her actions.
NEGLIGENCE OF GAMMON ENTERPRISES, INC.
The record reflects that on the night of the accident, Rosy’s was very crowded. Plaintiff and the members of her party were seated by defendant’s employee in an area of the nightclub immediately adjacent to a large wooden exit door with a push bar handle. Testimony revealed that none of the six people in plaintiff’s party were aware of the existence of the door, nor were they warned of its existence. It was not the normal practice of Rosy’s nightclub to warn patrons that an exist door was in the vicinity.
During the performance, plaintiff’s party was requested by an employee of Rosy’s to move their chairs further back against the wall so as to allow more room for the waitresses to pass by. Plaintiff eventually was located with her chair directly against the door, although still unaware of its existence.
*754 Following an audience participation song, during which plaintiff and other members of the audience stood on their chairs, the accident occurred.[1] Plaintiff claims she sat down normally at which time the door flew open and she fell sustaining her injuries. Defendant contends that plaintiff fell while standing on her chair, and that this constituted contributory negligence and/or assumption of the risk.
In support of their contention defendant’s witnesses testified that there would have to have been pressure applied to the push bar on the door in order to disengage the lock and then further pressure on the door itself for it to swing open. None of the defendant’s witnesses saw the accident occur. No witnesses testified that plaintiff was standing on her chair when she fell.
The duty of defendant in this case was one of reasonable and ordinary care, which includes the prior discovery of unreasonably dangerous conditions on the premises and the corrections thereof or a warning to the guest of the danger. Brasseaux v. Stand-By Corp., 402 So.2d 140 (La.App. 1st Cir.1981). Whether such a duty was breached is a determination that is within the province of the jury and one which will not be disturbed in the absence of manifest error.
In the instant case, the jury heard all the evidence and weighed the veracity and credibility of the witnesses who testified. “On appeal, the Court of Appeal will not disturb the factual findings of the trial court, whether judge or jury in absence of manifest error.” Molenaar v. McGill Mfg. Co., 410 So.2d 869 (La.App. 4th Cir. 1982). Our careful review of the record indicates to us that there was no manifest error in the jury’s findin'g that Rosy’s breached its duty toward the plaintiff and that this breach constituted actionable negligence which resulted in plaintiff’s injuries.
QUANTUM
Plaintiff contends that the jury erred in awarding her only $12,500.00, and cites the case of Hall v. Safeco Ins. Co., 374 So.2d 715 (La.App. 1st Cir.1979) as supportive of an increase in quantum. Appellant ignores the Supreme Court decision of Reck v. Stevens, 373 So.2d 498 (La.1979) which states:
“The use of such a scale of prior awards, made for merely generically similar medical injuries, has been expressly and repeatedly disapproved by Gaspard [v. LeMaire, 245 La. 239, 158 So.2d 149] and the succeeding jurisprudence. Such a hypothetical scale of hypothetical awards cannot be used to determine whether or not this trier of fact has abused its discretion in the award to this particular plaintiff under the facts and circumstances peculiar to this case.” id. at 500-501.
Absent an initial determination that the trial court’s very great discretion in the award of general damages has been abused under the facts of the particular case the court should not disturb the trier’s award. Reck, supra.
The medical testimony reveals that appellant sustained a fracture and dislocation of the left elbow with a comminution of the radial head, as well as a tear of the bra-chealis muscle. This required corrective surgery by Dr. Cary on November 7, 1977. Thereafter appellant was treated by Dr. Cary and Dr. Waldron until August of 1978. Both doctors concluded that the only disability she had was a minus twenty degrees full extension. There is some discrepency in the evidence as to whether appellant could return to her previous employment as a hairdresser.
Appellant first saw Dr. Gesser on August 28, 1979 complaining of feeling “pins and needles” in the ring and little finger of the left hand. On September 20, 1979 he performed surgery to transpose the ulnar nerve. On December 5, 1979 it was necessary that surgery again be performed because of the development of scar tissue from the September operation. On cross-examination, Dr. Gesser stated that the nerve was not torn or lacerated, and in *755 general, some doubt was raised as to whether Dr. Gesser’s surgery was necessary. He also reaffirmed the opinions of Drs. Cary and Waldron that functionally appellant had a good elbow.
After review of the evidence we conclude that the jury award was within the discretion granted as set forth in Article 1934(3) of the Civil Code. We find no abuse of that discretion and will not disturb the award.
Appellant argues that the trial judge committed manifest error in failing to allow their expert witness to testify regarding violations of the building code at Rosy’s. It is suggested that proof of these violations would have resulted in a higher verdict. We find no merit in this argument. Appellant obviously suffered no harm since she was successful in proving appellees were negligent, which negligence caused the injuries. The degree of negligence is irrelevant.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. This is a traditional gesture during performances by Irma Thomas. However plaintiff admits she was requested by the performer to stand, but not on her chair.